

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

June 29, 1948

Hon. A. M. Pribble
County Attorney
Mills County
Goldthwaite, Texas

Opinion No. V-621

Re: The necessity for the
county to pay inciden-
tal upkeep and opera-
tion expenses in addi-
tion to six cents per
mile on personal cars
used by the Sheriff
and his deputies on
official business.

Dear Sir:

Reference is made to your recent request which
is as follows:

"Is it required for the County Com-
missioners Court, under the terms of Art.
6877-1 Acts 1947, 50th Leg., p. 357, ch.
204, para. 1, to pay expenses incidental
to the upkeep and operation of motor vehi-
cles when the commissioners court has elec-
ted to allow the sheriff and his deputies
to use their personal cars on official
business and to pay six cents per mile
for such official travel?"

The record in the Comptroller's office reflects
that the officers of Mills County are compensated on a
fee basis.

It was held in Attorney General's Opinion No.
V-515 that Article 3899(a) was superseded by H. B. 501,
Acts of the 50th Legislature, Art. 6877-1, V. C. S., in-
sofar as it pertains to the travel expense of sheriffs.
This being true, we must now look to the provisions of
this Act for the answer to your question.

Article 6877-1, V. C. S., is as follows:

"The County Commissioners Courts of
this State are directed to supply and pay

for transportation of sheriffs of their
respective counties and their deputies to
and from points within this State, under
one of the four (4) following sections:

"(a)  Such sheriffs and their deputies
shall be furnished adequate motor trans-
portation including all expense incidental
to the upkeep and operation of such motor
vehicles.

"(b) Motor vehicles shall be furnished
to such sheriffs and their deputies who may
furnish gas and oil, wash and grease, inci-
dental to the operation of such vehicles; for
which gas and oil, wash and grease, such
sheriffs and deputies shall be compensat-
ed at a rate not to exceed four cents (4¢)
per mile for each mile such vehicle is opera-
ted in the performance of the duties of his
office.

"(c) Alternatively such County Com-
missioners Courts may allow sheriffs and
their deputies in their respective coun-
ties to use and operate cars on official
business which cars are personally owned
by them for which such officers shall be
paid not less than six cents (6¢) per mile
nor more than ten cents (10¢) per mile for
each mile traveled in the performance of
official duties of their office.

"(d) All compensation paid under
the provisions of this Act shall be upon
a sworn statement of such sheriff."

It was held in Attorney General's Opinion No.
V-293 that it is mandatory that the Commissioners' Court
must determine under which of the subdivisions of the
Act it will furnish the sheriff and his deputies trans-
portation.

Since the Commissioners' Court of Mills Coun-
ty has elected to provide such transportation under
subdivision (c) of Article 6877-1, supra, and is allow-
ing the sheriff and his deputies to use their personal
cars and be paid by the county six cents per mile while
traveling on official business, it is our opinion that

the Commissioners' Court may not pay expenses incidental to the upkeep and operation of such cars.

## SUMMARY

When the Commissioners' Court has elected to allow the sheriff and his deputies to use their personal cars and the county pay six cents per mile for official travel under subdivision (c) of Article 6877-1, it may not pay expenses incidental to the upkeep and operation of such vehicles.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By Bruce Allen
Bruce Allen
Assistant

BA:mw

APPROVED:

Price Daniel
ATTORNEY GENERAL